UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE RYBARCZYK,

    Plaintiff,

v.                                                    Case No: 6:23-cv-1367-JSS-RMN

LADY JANE'S WINTER PARK FL,
LLC., LADY JANE'S ORLANDO-
UCF FL, LLC., LADY JANE'S
ALTAMONTE SPRINGS, FL LLC.,
LADY JANE'S HAIRCUTS FOR
MEN HOLDING COMPANY, LLC.
and CHAD JOHNSON,

    Defendants.
_____/

## ORDER

On July 20, 2023, Stephanie Rybarczyk and other opt-in plaintiffs (collectively, Plaintiffs) brought this action under the Fair Labor Standards Act of 1938 (FLSA) against Defendants alleging Defendants misclassified them as independent contractors and failed to compensate them at applicable minimum wage and overtime rates. (Dkt. 1.) On April 29, 2024, the parties filed a Joint Notice of Filing Order Approving Settlement by Arbitrator. (Dkt. 27.) Upon consideration, and after reviewing the Collective Action Complaint (Dkt. 1), the Order and Arbitration Award on Joint Motion and each Plaintiff's Settlement Agreement (Dkt. 27-1), the settlement agreements are approved and the case is dismissed with prejudice.

### APPLICABLE STANDARDS

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the

district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

This case involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 1.) Plaintiffs allege that Defendants misclassified them as independent contractors and failed to compensate them at applicable minimum wage and overtime rates. (Dkt. 1 ¶¶ 98, 99.) Defendants dispute these allegations. (*See* Dkts. 16, 27-1.) As such, the court finds there to be a bona fide dispute.

Under the proposed settlement agreements, Defendants' settlement amounts vary from $15,200 to $44,000. (*See* Dkt. 27-1.) Defendant agreed to pay Plaintiff Stephanie Rybarczyk $44,000, which represents $15,000 for wage-based damages, $15,000 for non-wage damages and $14,000 for attorneys' fees and costs. (*Id.* at 9.) Defendant agreed to pay Plaintiff Jessica Mills $26,200, which represents $7,500 for wage-based damages, $7,500 for non-wage damages and $11,200 for attorneys' fees.

(*Id*. at 15.)  Next, Defendant agreed to pay Plaintiff Elena Conine $15,200, which represents $2,000 for wage-based damages, $2,000 for non-wage damages and $11,200 for attorneys' fees. (*Id*. at 21.)  Defendant also agreed to pay Plaintiff Maegan Childers $18,200, which represents $3,500 for wage-based, $3,500 for non-wage damages and $11,200 for attorneys' fees. (*Id*. at 27.  Additionally, Defendant agreed to pay Plaintiff Joy Sanders $19,200, which represents $4,000 for wage-based, $4,000 for non-wage damages and $11,200 for attorneys' fees. (Dkt. 27-1 at 33.)  Finally, Defendant agreed to pay Plaintiff Yahweh Ben Yahweh $17,200, which represents $3,000 for wage-based, $3,000 for non-wage damages and $11,200 for attorneys' fees. (*Id*. at 39.)

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement.  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  However, if the matter of fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees.  *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-1401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-33-Orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (same).

Under the circumstances, the court finds the agreed-upon attorney's fees and costs to be reasonable.  The parties agree that the amount to be paid to Plaintiffs' respective counsel is fair and reasonable and was negotiated separately from Plaintiffs'

recovery. This is sufficient to establish the reasonableness of the fees and that Plaintiffs' recovery was not adversely affected by the amount of fees to be paid to Plaintiffs' respective counsel. *Bonetti*, 715 F. Supp. 2d at 1228. The court, having reviewed each Settlement Agreement, concludes that the monetary terms of the proposed settlements are fair and reasonable.

In considering the Collective Action Complaint (Dkt. 1), the Order and Arbitration Award on Joint Motion and each Plaintiff's Settlement Agreement (Dkt. 27-1), the Court finds that this case raises disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. After extended, arms-length discussions between the parties in this case, including mediation and arbitration, which reflect that each party was well advised by competent counsel and fully informed as to the appropriate circumstances and considerations, the parties agreed to settle and compromise Plaintiffs' claims. Additionally, the parties negotiated and agreed upon attorneys' fees separately.

Accordingly, the undersigned finds the terms of each settlement agreement fair and reasonable consistent with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Therefore, the settlement agreements are **APPROVED**. This case is **DISMISSED** with prejudice.

**ORDERED** in Orlando, Florida, on April 30, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record